UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Georgia M. Brown,

          Plaintiff,      Case No. 22-12011

v.                           Judith E. Levy
                           United States District Judge

Razor Law Firm, Andrew Laurila,
and Attorney Grievance       Mag. Judge Jonathan J.C. Grey
Commission,

          Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [2], DISMISSING THE CASE WITHOUT PREJUDICE, AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL [3] AND MOTION FOR TIME TO FIND ATTORNEY REPRESENTATION [10]**

On August 25, 2022, *pro se* Plaintiff Georgia M. Brown filed the complaint in this case. (ECF No. 1.) She filed an application to proceed without prepaying fees or costs (ECF No. 2) and a motion to appoint counsel. (ECF No. 3.) Plaintiff also filed a motion for time to find attorney representation. (ECF No. 10.)

Plaintiff previously brought a case in this Court against two individuals: Andrew J. Laurila and Michael Goetz. That case appeared

to involve Plaintiff's dissatisfaction with her legal representation in a different case in this District, *Brown v. United Health Group - OPTUM Division*, No. 16-cv-10618 (E.D. Mich. 2018) (Lawson, J.), and her disagreement with the Michigan Attorney Grievance Commission's finding that her attorney adequately represented her. *See Brown v. Laurila*, No. 22-cv-11544 (E.D. Mich. 2022). On July 25, 2022, the Court issued an opinion and order granting Plaintiff's application to proceed without prepaying fees or costs and dismissed the case without prejudice due to lack of subject matter jurisdiction. *Brown v. Laurila*, No. 22-cv-11544 (E.D. Mich. 2022), ECF No. 5. The Court found that it lacked subject matter jurisdiction because it was "unable to discern a viable federal claim on the face of the complaint" (*id.* at PageID.30) and because "[t]here [wa]s no diversity of citizenship" for purposes of diversity jurisdiction. (*Id.* at PageID.32.)

In this case, Plaintiff again names Andrew Laurila as a Defendant, and her allegations appear to be the same as those she asserted in her prior complaint. (*See* ECF Nos. 6, 7, 8, 9.) Like the previous case, Plaintiff's case must be dismissed for lack of subject matter jurisdiction because a federal claim is not clear from the face of the complaint and

2

because there is no indication of diversity jurisdiction. For the same reasons set forth in the Court's July 25, 2022 Opinion and Order, *Brown v. Laurila*, No. 22-cv-11544 (E.D. Mich. 2022), ECF No. 5, the Court GRANTS Plaintiff's motion to proceed without prepaying fees or costs (ECF No. 2) and DISMISSES WITHOUT PREJUDICE Plaintiff's case. Accordingly, Plaintiff's motion to appoint counsel (ECF No. 3) and her motion for time to find attorney representation (ECF No. 10) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: November 14, 2022      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2022.

                                                s/William Barkholz
                                                WILLIAM BARKHOLZ
                                                Case Manager